UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

|  |  |
|---|---|
| **PHILLIP WALKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.: 2:14-cv-449 |
| ) | |
| **HAROLD W. CLARKE**, Director, ) | |
| Virginia Department of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Phillip Walker's ("Walker") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 4. After being fully briefed, the Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 4, be **GRANTED** and Walker's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2012, the Circuit Court for the City of York County and the City of Poquoson (the "trial court") sentenced Walker to an active term of eleven years' imprisonment

upon his pleas of guilty to four counts of aggravated sexual assault. ECF No. 6, attach. 1. Walker did not appeal his sentence. *Id.*, attach. 2. On January 9, 2014, Walker filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging four claims:

I. Walker's "counsel was ineffective for coercing him into accepting a plea agreement when petitioner 'vehemently contended his innocence.'" *Id.* at 1.

II. "The 'complaints' on which he was arrested and convicted were made by a third party who was not related to the victim." *Id.* at 2.

III. Walker's "counsel was ineffective for failing to produce documents that would 'substantiate the basis of the charges' against the petitioner." *Id.*

IV. Walker's "counsel was ineffective for failing to argue that the 'basis of [the] charges brought against petitioner are all about greed and money,'" and that "counsel 'told [petitioner] what he was doing, regardless of the protestation by petitioner.'" *Id.* (alteration in original).

The Supreme Court of Virginia dismissed Walker's petition on July 1, 2014, holding that Claim I was devoid of any facts or evidence to support his claim of actual innocence, Claim II was waived by Walker's guilty plea, and Claims III and IV were barred by Walker's statements at his plea hearing that counsel's performance was adequate. *Id.* at 1-2. Thereafter, the Supreme Court of Virginia denied Walker's petition for rehearing. *Id.*, attach. 3.

On August 27, 2014,[1] Walker filed the instant petition containing five claims:

A. "[Walker] was denied effective assistance of counsel; as a result of counsel using duress to coerce [Walker] into pleading guilty." ECF No. 1 at 3.

---

[1] The undersigned uses the date that Walker's petition was filed by the Clerk as his date of filing because Walker did not state when he placed the petition in the prison mailing system. Walker's petition was executed on August 13, 2014. ECF No. 1 at 14. It was then received by the Clerk on August 21, 2014, and filed on August 27, 2014. *Id.* at 1.

2

B. "[Walker] was denied his statutory right to appeal; as a direct result of ineffective assistance of counsel. *Id.*

C. "[Walker] was denied the right to confront the witnesses against him as a direct result of ineffective assistance of counsel." *Id.* at 4.

D. "[Walker] was denied effective assistance of counsel when counsel refused to present a defense." *Id.*

E. "[Walker] is 'actually innocent' but for the ineffectiveness of counsel." *Id.*

The Virginia Attorney General, on behalf of the Respondent, filed a Motion to Dismiss, Rule 5 Answer, brief in support, and *Roseboro* Notice on November 3, 2014. ECF Nos. 4-7. Walker has not filed a response brief, and the time to do so has expired. Therefore, the Motion is ripe for recommended disposition.

## II. ANALYSIS

### A. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review, 28 U.S.C. § 2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, 28 U.S.C. § 2244(d)(1)(D)."[2] Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v.*

---

[2] 28 U.S.C. § 2244(d)(1)(B) and (C), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

3

*DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). In addition, the limitations period may be eligible for equitable tolling "if [a petitioner] presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Most recently, the United States Supreme Court held that "a litigant seeking equitable tolling bears the burden of establishing two elements [to qualify for equitable tolling]: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. For the following reasons, the undersigned concurs with the Respondent's argument that Walker's petition is time-barred.

Walker argued that his petition should not be considered untimely because although the "judgment of conviction became final over one year ago ... the 'new rule' announced by the United States Supreme Court in *McGuiggin* did not go into effect until May 28, 2013, and should be retroactively applied to Walker's case under *Teague*." ECF No. 1 at 2. In other words, Walker claimed that because he raised an actual innocence claim in the Supreme Court of Virginia within one year of the Supreme Court's decision in *McQuiggin*, his claims should bypass the one-year time bar and be reviewed by this Court. *Id.* Thus, the Court interprets Walker's claim as requesting that the one-year statute of limitations be calculated as of the date

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) was decided, rather than the date of his judgment of conviction.

The Fourth Circuit recently addressed a similar claim in *Whiteside v. United States*, 775 F.3d 180 (2014). There, the petitioner seeking habeas relief pursuant to § 2255 claimed that that Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) "qualified as a new 'fact' for purposes of [the one-year statute of limitations]."[3] 775 F.3d at 183. Thus, the petitioner alleged that because he filed his petition within one year after *Simmons* was handed down, his petition was timely. The Fourth Circuit rejected the petitioner's argument, and instead found that "*Simmons* represented a change of law, not fact." *Id.* In so doing, the Fourth Circuit articulated that changes of law "announc[ing] a generally applicable legal rule" which do not actually "amend[] the convictions themselves" do not qualify as new "facts" for purposes of calculating the one-year statute of limitations. *Id.* at 184. Such is the case here. *McGuiggin*, which provides an actual innocence exception for the statute of limitations, creates a mechanism to overcome a procedural bar to federal habeas relief, and does not qualify as a new fact for purposes of calculating the one-year statute of limitations. Thus, the undersigned **FINDS** that Walker's one-year statute of limitations must be calculated from the date his judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A), not the date the *McGuiggin* was announced.

Walker's conviction became final and, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations began to run on September 8, 2012, after the thirty days in which to file a petition for appeal to the Court of Appeals of Virginia expired. *See* Va. Sup. Ct. Rule 5A:6(a). Accordingly, Walker's deadline for filing a federal habeas petition was September 9,

---

[3] For § 2255 petitions, the one-year statute of limitations includes an identical provision governing new factual predicates as that of § 2254 petitions. *Compare* 28 U.S.C. § 2244(d)(1)(D), *with* 28 U.S.C. § 2255(f)(4).

2013.[4] Moreover, Walker's state habeas petition, filed on January 9, 2014, could not toll the one-year statute of limitations as the limitations period had already expired. *See, e.g., Engle v. Clark*, No. 3:12CV586, 2014 WL 2157616, at *3 (E.D. Va. May 23, 2014) (refusing to toll the time in which a state habeas petition was pending when it was filed after the one-year statute of limitations period expired).

Walker made no showing that he is entitled to equitable tolling as he presented no argument that he pursued his rights diligently, nor does he argue some extraordinary circumstance prevented a timely filing. Walker wholly fails to set forth any reason that he is entitled to equitable tolling of the statute of limitations period, and therefore, fails to satisfy this high burden. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.") (citations omitted). Thus, the instant petition is untimely by approximately eleven months. Even providing Walker with the widest latitude and calculating the limitations period using the date on which Walker executed his petition, August 13, 2014, ECF No. 1 at 14, Walker's petition is still time-barred.

Moreover, it is appropriate for the undersigned to recommend dismissal of Walker's petition as time-barred because Walker was given appropriate "notice and opportunity to respond" when the issue was raised in the Respondent's Motion to Dismiss, ECF No. 6at 4-6. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("We hold that when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that

---

[4] One year from September 8, 2012, is Sunday, September 8, 2013. Accordingly, Walker would be allowed to file his petition on the following Monday, September 9, 2013. *See* Fed. R. Civ. P. 6(a)(1)(C).

6

the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ."). Walker had an opportunity to respond to the Respondent's Motion to Dismiss and present an argument sufficient to permit equitable tolling of the statute of limitations. Accordingly, the undersigned **FINDS** that Walker's petition is ineligible for statutory or equitable tolling of the limitations period.

Typically, under the "actual innocence exception," federal habeas petitioners can overcome a procedural bar, such as the statute of limitations here, to allow the federal court to consider the merits of the constitutional challenge to their state conviction. *See Schlup v. Delo*, 513 U.S. 298, 326 (1995) ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."). The United States Supreme Court recently expanded upon the "actual innocence exception" and determined that it can also be used as a "gateway through which a petitioner may pass" if the impediment to adjudication on the merits is expiration of the statute of limitations period under 28 U.S.C. § 2244(d)(1). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)). Moreover, any "unjustifiable delay on a habeas petitioner's part, [while] not an absolute barrier to relief . . . [is still] a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928. Examples of evidence establishing factual innocence include

credible declarations of guilt by another, *Sawyer v. Whitley*, 505 U.S. 333, 340-41 (1992), trustworthy eyewitness accounts, and exculpatory scientific evidence, *Schlup*, 513 U.S. at 324. Moreover, the original factual findings by the state court are reviewed under a "highly deferential standard" and are "given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "This is especially true where state courts have resolved issues like witness credibility, which are factual determinations . . . ." *Jones v. Seifert*, 808 F. Supp. 2d 900, 919 (S.D.W. Va. 2011) (internal quotations omitted). Here, Walker failed to set forth sufficient "new evidence" and a justifiable reason for his delay in filing, and as such, his claim of actual innocence cannot excuse his time-barred petition.

In support of his claim of actual innocence, Walker argued that "there is no physical evidence substantiating the alleged criminal acts." ECF No. 1 at 12. Specifically, Walker claimed that the evidence of his molestation of his stepson's stepdaughter, and the victim and his stepson's "credibility are factors that must be reviewed." *Id.* However, beyond these conclusory claims of actual innocence, Walker points to no new evidence that could establish his innocence. Walker's bare allegations fail to surmount the highly deferential standard afforded a trial court's credibility determinations and factual findings. *McGuiggin*, 133 S. Ct. at 1931 (noting a petitioner must make "a credible showing of innocence"). Accordingly, the undersigned **FINDS** that Walker has not established evidence of his actual innocence by clear and convincing evidence.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 4, be **GRANTED**, and that Walker's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Faulcon is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 28, 2015

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Phillip Walker, #1462536
Coffeewood Correctional Center
P.O. Box 500
Mitchells, Virginia 22729
Pro Se Petitioner

Ms. Rosemary Bourne
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

                                  Fernando Galindo,
                                  Clerk of Court

By: _____
                                  Deputy Clerk
                                  Date 5/28/15